**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARNELL J. NELSON, | No. 09-35940 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01034-JCC |
| v. | |
| TIMOTHY F. GEITHNER, Secretary of the Treasury Department,[*] | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 14, 2010[***]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Darnell J. Nelson, an attorney formerly employed by the Internal Revenue

Service ("IRS"), appeals pro se from the district court's summary judgment in his

---

[*]     Timothy F. Geithner has been substituted for his predecessor, Henry Paulson, as Secretary of the Treasury under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

employment action alleging race, sex, age, and disability discrimination, hostile work environment, retaliation, and failure to accommodate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on the discrimination and retaliation claims because Nelson failed to raise a triable issue that the IRS's proffered nondiscriminatory reasons for its adverse employment actions, such as his poor performance evaluation, failure to receive a raise, placement on a performance improvement plan, and termination, were pretextual. *See id.* at 640-42, 646.

The district court properly granted summary judgment on the hostile work environment claim because Nelson failed to raise a triable issue that he was subjected to any conduct because of his membership in a protected class. *See id.* at 642.

The district court properly granted summary judgment on Nelson's accommodation claim because he failed to raise a triable issue as to whether he was entitled to an accommodation for his alleged disability or whether the IRS failed to accommodate his alleged disability. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (an employer is not required to provide the

accommodation that the employee requests or prefers, but need only provide a reasonable accommodation).

We do not consider Nelson's contentions raised for the first time in his reply brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

Nelson's remaining contentions are unpersuasive.

**AFFIRMED.**